```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

NICHOLAS A. RITROVATO,            )
                                  )
        Plaintiff,                )
                                  )
        v.                        )    C.A. No. 23-10427-PBS
                                  )
UNITED STATE POSTAL SERVICE       )
FEDERAL CREDIT UNION,             )
                                  )
        Defendant.                )
```

### MEMORANDUM AND ORDER

### May 4, 2023

Saris, D.J.

Pro se litigant Nicholas Ritrovato has filed a civil complaint in which he alleges that the United States Postal Service Federal Credit Union ("USPS FCU") committed bank fraud by depositing checks into the account of one of its customers to which Ritrovato was entitled. (Dkt. No. 1). Ritrovato has also filed a motion for leave to proceed in forma pauperis. (Dkt. No. 2). For the reasons stated below, the Court will grant Ritrovato's motion to proceed in forma pauperis and order that this action be dismissed for lack of subject matter jurisdiction.

### I.   Motion for Leave to Proceed in Forma Pauperis

Upon review of Ritrovato's motion for leave to proceed in forma pauperis, the Court GRANTS the same.

**II. Review of the Complaint**

    **A. Court's Authority to Review the Complaint**

Because Ritrovato is proceeding in forma pauperis, the Court may conduct a preliminary review of the complaint and dismiss any claim that fails to state a claim upon which relief may be granted, is malicious or frivolous, or asserts claims for monetary damages against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In addition, a court has an obligation to inquire sua sponte into its own subject matter jurisdiction, regardless of the status of the filing fee. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)). Federal courts "must satisfy themselves that subject-matter jurisdiction has been established." Id. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**B.  Ritrovato's Statement of His Claim**

Ritrovato's statement of his claim consists of the following:

> Ines together with the USPS FCU depositing checks into an account at USPS FCU which had been intercepted at the home of and payable to Nicholas A. Ritrovato III. The fraud is suspected to have occurred in 1990, 1993, 1995 and in 2000 (Gifts from family and friends) exceeding $6,000,000.00 in check proceeds. Defendants are reported and/or suspected to have deposited or accepted deposit check(s) on 4-5 occasions. Offense included depositing the checks into an account opened under an assumed identify of Nicholas A. Ritrovato Jr. who has been deceased since 1978. Nicholas A. Ritrovato, III is entitled to the check proceeds and a long term rate of deposit interest for each deposit.

Compl. at 4.  Ritrovato included with the complaint a letter dated February 21, 2023 addressed to USPS FCU in which he claims that an account holder of USPS FCU "made checks payable to [him], Nicholas A. Ritrovato, III into an account of [his] deceased father, Nicholas A. Ritrovato, Jr. who[se] identity [the depositor] had assumed.  The depositor then allegedly secreted the proceeds of the checks to his children."  Id. at 6.

Ritrovato seeks "$6,000,000.00 in check proceeds, plus damages, and long term deposit interest exceeding $40,000,000.00."  Id. at 4.

**C.  Court Lacks Subject Matter Jurisdiction**

Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331

3

("§ 1331"), and over certain actions in which the parties are of diverse citizenship[1] and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332").

Here, Ritrovato invokes the Court's federal question subject matter jurisdiction under § 1331. In his jurisdictional allegation, Ritrovato characterizes his claim as one for bank fraud and identifies 18 U.S.C. § 1344 as the federal law under which his claim arises. See Compl. at 3.

The bank fraud statute to which Ritrovato refers provides for criminal penalties of up to a $1,000,000 fine, imprisonment of up to 30 years, or both. See 18 U.S.C. § 1344  It gives the United States the authority to prosecute persons who have committed bank fraud, as defined in the statute. It does not, however, provide a right of action by which a private litigant may file a lawsuit against a person who has allegedly committed bank fraud. Thus, it does not provide for jurisdiction under § 1331.

Further, Ritrovato does not identify, nor can the Court discern, any other federal law that would be applicable in this

---

[1] In this context, state "citizenship" refers to the state in which a party is domiciled. It does not refer to the country in which a party has citizenship. See Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004).

action.  Accordingly, the Court does not have subject matter jurisdiction over this action under § 1331.[2]

## III. Conclusion

Accordingly, for the reasons stated above, the Court hereby orders:

(1)  Ritrovato's motion to proceed in forma pauperis is GRANTED.

(2)  This action is DISMISSED without prejudice for lack of subject matter jurisdiction.

(3)  Ritrovato's request to subpoena USPS FCU (Dkt. No. 4) is DENIED as moot.

SO ORDERED.

                          /s/ Patti B. Saris
                          PATTI B. SARIS
                          UNITED STATES DISTRICT JUDGE

---

[2] It does not appear that Ritrovato invokes the Court's diversity subject matter jurisdiction under § 1332.